```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

SOHAIL RICE MILLS USA, INC. and
ZUBAIR CHAUDHRY,
                                              MEMORANDUM & ORDER
                    Plaintiffs,                 20-CV-6208(EK)


             -against-


UNITED STATES CITIZENSHIP and
IMMIGRATION SERVICES, UR JADDOU, in
her official capacity, et al.,¹

                    Defendants.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiffs Sohail Rice Mills USA, Inc. ("Sohail USA") and Zubair Chaudhry commenced this action in October 2020. They seek review of the U.S. Citizenship and Immigration Services' ("USCIS") decision denying an L-1A visa for Chaudhry, an employee at Sohail Rice Mills Pakistan ("Sohail Pakistan"), Sohail USA's parent company. The parties cross-move for summary judgment. For the reasons stated below, Defendants' motion for summary judgment is granted and Plaintiffs' motion is denied.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Ur Jaddou, Director of U.S. Citizenship and Immigration Services, and Alejandro Mayorkas, Secretary of the Department of Homeland Security, are automatically substituted for their predecessors as defendants in their official capacities. The Clerk of Court is respectfully directed to update the caption.

## I. Background

### A. L-1A Visa Program

The L-1A nonimmigrant visa program, codified at 8 U.S.C. § 1101(a)(15)(L), is designed to encourage and facilitate foreign investment in the United States. Among other things, the program permits foreign companies setting up new offices in the United States to apply for the L-1A visa for an executive or manager to work here for a set period. The employer applies on the employee's behalf on Form I-129. L-1A visas are granted only if petitioners meet specific statutory and regulatory criteria.

New-office petitions require evidence that the proposed transferee was employed in "an executive or managerial capacity" for at least "one continuous year in the three year period preceding the filing of the petition," 8 C.F.R. § 214.2(*l*)(3)(v)(B), and that the "intended United States operation, within one year of the approval of the petition, will support an executive or managerial position." *Id.* § 214.2(*l*)(3)(v)(C). The statute and regulations set out detailed requirements for what qualifies as executive or managerial work.

The statute defines "executive capacity" at a high level of control and discretion, requiring that an employee "primarily . . . establishes the goals and policies of the

organization" and "exercises wide latitude in discretionary decision-making." 8 U.S.C. § 1101(a)(44)(B); *accord* 8 C.F.R. § 214.2(*l*)(1)(ii)(C). "Managerial capacity" means (among other things) that the employee "primarily" manages a "department, subdivision, function, or component" of the organization, supervises other senior employees, and exercises operational discretion over the organization or one of its departments or functions. 8 U.S.C. § 1101(a)(44)(A); *accord* 8 C.F.R. § 214.2(*l*)(1)(ii)(B). The statute further provides that "[a]n individual shall not be considered to be acting in a managerial or executive capacity . . . merely on the basis of the number of employees that the individual supervises or has supervised or directs or has directed." 8 U.S.C. § 1101(a)(44)(C).

**B.   Procedural History**

Sohail Pakistan is a forty-year-old Pakistani firm that mills, processes, and exports rice. *See* Compl. ¶ 10, ECF No. 1.[2] It incorporated a subsidiary, Sohail USA, in New York in 2018. Admin. Tr. 236, ECF No. 11 to 11-9. In July 2019, Sohail USA submitted a Form I-129 to USCIS to allow Mr. Chaudhry, Sohail Pakistan's Director of Export Operations, to live and

---

[2] Page numbers in citations to the administrative transcript and the parties' briefs refer to native page numbers.

3

work in the United States for one year while helping to launch the operations of Sohail Rice Mills USA.  Compl. ¶ 18.

Nine months later, USCIS issued a request for evidence ("RFE") seeking additional information on five topics: (1) whether Sohail USA would have sufficient physical premises in the United States; (2) whether Chaudhry has been employed abroad for at least one year; (3) whether Chaudhry held an executive or managerial position abroad; (4) whether he would assume an executive or managerial position in the United States; and (5) whether Sohail USA would support an executive or managerial position within one year of approval of the Petition. Admin. Tr. 11-17.

Sohail USA submitted additional evidence in July 2020. USCIS denied the petition three months later.  *Id.* at 2-9. USCIS offered three main grounds for the denial: Sohail USA (1) failed to provide sufficient evidence that Chaudhry has been employed abroad in a position that was executive or managerial; (2) failed to establish that Chaudhry would be employed in an executive or managerial capacity in the United States; and (3) failed to establish that it had secured sufficient physical premises to house its operations.  *Id.* at 5, 8-9.

Plaintiffs seek judicial review of that decision, and ask the Court to vacate USCIS's denial and order it to grant the petition.  This Court has jurisdiction under 28 U.S.C. § 1331

4

because the claim arises under the Immigration and Nationality Act, 8 U.S.C. §§ 1101-1537, and the Administrative Procedure Act.  5 U.S.C. § 704.[3]

## II.  Legal Standard

The Administrative Procedure Act provides for review of federal agency decisions, including decisions by USCIS to deny petitions for nonimmigrant worker visa status.  5 U.S.C. § 706(2)(A).  Agency action may be set aside when it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id*.  That said, "judicial review of agency action is necessarily narrow."  *Islander E. Pipeline Co. v. McCarthy*, 525 F.3d 141, 150 (2d Cir. 2008).[4]  A reviewing court may not "weigh the evidence" itself or "substitute its judgment" for the agency's.  *Const. Pipeline Co. v. N.Y. State Dep't of Env't Conservation*, 868 F.3d 87, 102 (2d Cir. 2017).

Agency decisions are "arbitrary and capricious when the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so

---

[3] *See generally Fogo de Chao v. U.S. Dep't of Homeland Sec.*, 769 F.3d 1127, 1138-39 (D.C. Cir. 2014) (federal courts have jurisdiction to review L1 visa denial under the APA because the statute does not confer full discretion on the agency and provides detailed criteria for awarding the visa).

[4] Unless otherwise noted, when quoting judicial decisions this order omits all alterations, citations, and internal quotation marks.

5

implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Berrios v. Holder*, 502 F. App'x 100, 101 (2d Cir. 2012); *see also Karpova v. Snow*, 497 F.3d 262, 268 (2d Cir. 2007). Agency decisions "must draw a rational connection between the facts found and the choice made." *Berrios*, 502 F. App'x at 101. A reviewing court must uphold the agency action when it concludes that the agency has done so. *Karpova*, 497 F.3d at 268. In reviewing USCIS's decision, the Court is deciding a question of law: whether the agency's decision was arbitrary or capricious. Thus the Court's review is limited to the administrative record. *Miller v. United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995).[5]

### III. Discussion

Plaintiffs bear the burden of establishing entitlement to the visa. *See* 8 U.S.C. § 1361; *Sikh Cultural Society, Inc. v. U.S. Citizenship & Immigr. Svcs.*, 720 F. App'x 649, 651 (2d Cir. 2018). At bottom, USCIS has broad discretion to grant or deny visa applications. Court review of that decision is "exceedingly deferential" and intended only to ensure "that the agency came to a rational conclusion." *VHV Jewelers, LLC v.*

---

[5] The parties dispute whether Rule 56.1 Statements of undisputed material fact are appropriate in cases involving review of agency action under the Administrative Procedures Act. Because the motion is resolved on the grounds that USCIS's decision was not arbitrary and capricious nor an error of law and no material facts are in dispute, the Court need not reach the question of whether 56.1 Statements are appropriate on APA review.

6

*Wolf*, 17 F.4th 109, 114 (11th Cir. 2021). USCIS proffered three primary reasons for its decision here, as noted above; the government is entitled to summary judgment if any one of them passes muster. *Id.* at 113-114; *see also BDPCS, Inc. v. FCC*, 351 F.3d 1177, 1183 (D.C. Cir. 2003).

As noted, USCIS concluded that Sohail failed to establish that Chaudhry's employment abroad was primarily "executive or managerial" in nature. This conclusion was neither arbitrary and capricious, nor an abuse of discretion, nor contrary to law.[6] It was supported by a thorough review of the record evidence, made only after USCIS gave Plaintiffs a chance to submit additional evidence, explained the requirements to obtain the visa, and offered a list of suggested evidence Plaintiffs could submit to meet the requirement. Admin. Tr. 10-18 (Request for Evidence).

Sohail USA did provide additional documentation in response. Admin. Tr. 19-20 (listing documents Sohail USA submitted). This evidence included, among other things, letters from Sohail Pakistan and Sohail USA; a company organizational chart; a statement from Sohail's CEO; photographic evidence; a

---

[6] Because I conclude that this ground for USCIS's denial passes muster, I need not reach the other reasons USCIS gave for denying the petition.

7

letter from a Pakistani bank; a letter from a Pakistani Chamber of Commerce and Industry; and a statement from Chaudhry. *Id*.

Sohail relies on these supplemental documents here, in seeking APA relief, just as it did before the agency. *See* Pls.' Mem. in Supp. 3, ECF No. 14-1. But USCIS expressly engaged with those documents in its decision, Admin. Tr. 4, and ultimately discounted them because they do not explain Chaudhry's purported executive or managerial duties in any detail. The letters from the Gujranwala Chamber of Commerce and MCB Bank, for example, confirm Chaudhry's job title but provide no detail about his actual work. *Id*. at 36-37. The Chamber of Commerce letter, for instance, explains only that Sohail Pakistan is a member of the Chamber, that Chaudhry was a former executive member thereof, and that Chaudhry attended meetings on the company's behalf. *Id*. at 36. The MCB Bank letter comprises two short paragraphs; as to Chaudhry's job, it states simply that he "was authorized and dealt with us as Manager Export Operations & Marketing on behalf of Sohail Rice Mills." *Id.* at 37. The letters also appear to be written at Sohail USA's request and in reliance on documents that the company itself provided to the letter writers. Both letters are addressed "to whom it may concern" and the Chamber's letter, in particular, lists Chaudhry's title and involvement in the organization "according to the record provided by the company." *Id*. at 36.

8

As to the additional submissions by Sohail Pakistan and Sohail USA, USCIS explained that they were insufficient to "verify[] the employment of [Chaudhry's] direct subordinates" because they did not provide details about "when they were hired, their exact duties," "evidence of wages," or "how they relieve [Chaudhry] from performing non-qualifying tasks." *Id*. at 4-5. Thus USCIS concluded that Plaintiffs did not meet their burden of showing that Chaudhry was focused primarily on performing executive or managerial duties. *Id*.

USCIS noted other significant shortcomings in Sohail USA's submission. In response to the agency's request for a description of "the beneficiary's typical managerial duties, and the percentage of time spent on each," for example, Plaintiffs submitted an accounting of Chaudhry's responsibilities at Sohail Pakistan. *Id*. at 14, 24-25. This accounting purported to state the percentage of his time that Chaudhry devoted to each category of work. The agency pointed out multiple problems with the accounting.

First, the descriptions were not specific to Chaudhry's role, nor detailed enough to reveal his actual duties. *Id*. at 4-5. By way of example, one description — that Chaudhry was responsible for "[f]ormulating business policies, corporate plans and strategies for all export operations" —

9

simply parrots the statutory and regulatory criteria for "executive or managerial."  *Id*. at 24.

Second, the agency noted that Sohail USA's percentages summed to 500% of Chaudhry's time.  *See, e.g.*, *id*. at 24-25.[7]  Given that "inaccurate accounting," the agency stated that it could not "determine the amount of time the beneficiary has actually spent on each of their duties."  *Id.* at 4.  Responding to that argument here, Plaintiffs merely point out that USCIS's request for additional evidence "did not specify that the percentages [of job duties] could not exceed 100%."  Pls.' 56.1 Statement ¶ 33, ECF No. 14-2.

Plaintiffs fail to identify any material record evidence that USCIS ignored.  What Plaintiffs seem to ask, instead, is that this Court reweigh the evidence submitted to USCIS.  But that is not proper on APA review; "a court is not to substitute its judgment for that of the agency."  *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009).  In this case, the record indicates that USCIS considered the totality of

---

[7] In breaking down Chaudhry's job duties, Sohail reported that his tasks included "[e]xecutive decision-making and overall day-to-day management of the company's main export sales operations (100%)"; that he "[h]eld a wide range of discretionary decision-making authority in all export management and administrative matters (100%)"; that "[a]s Director, he was responsible for overseeing all business functions of Export Operations & Marketing including management of administration, finance, human resources, sales and marketing, distribution and shipping, and quality control (100% - divided as per project needs); that he "managed and controlled a work force of 10 full-time employees . . . (40%)."  Sohail listed additional tasks that, combined with the examples above, summed to 500%.  Admin. Tr. 24-25.

10

the evidence submitted and reasonably concluded that Plaintiffs did not present sufficient evidence to carry their burden in showing that Chaudhry was employed abroad in an executive or managerial capacity.  *See Sikh Cultural Soc'y*, 720 F. App'x at 651 (affirming district court's conclusion that USCIS denial of visa was not arbitrary and capricious where "the record indicates that USCIS considered the totality of the evidence submitted and reasonably concluded" that plaintiff's conflicting assertions and evidence undermined claim that plaintiff met statutory criteria).  That same consideration, and the agency's reasonable and rational conclusion, requires affirmance here.

## IV.  Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is granted and Plaintiffs' motion for summary judgment is denied.  The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    August 15, 2022
          Brooklyn, New York

11